IN THE UNITED STATES DISTRICT COURT **FILED**
FOR THE DISTRICT OF COLORADO   UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. _____

(To be supplied by the court)

**AUG 10 2017**

**JEFFREY P. COLWELL**
**CLERK**

Mr. Dau Cam Sen _____, Applicant,

v.

Mr. Jeff Sessions, Attorney General ETAL Respondent.
(Name of warden, superintendent, jailer, or other custodian)

---

### APPLICATION FOR A WRIT OF HABEAS CORPUS
### PURSUANT TO 28 U.S.C. § 2241

---

### A. PARTIES

1. Dau Cam Sen A074-511-150 3130 N. Oakland St Aurora Co, 80010
   (Applicant's name, prisoner identification number, and complete mailing address)

2. Jeff Sessions U.S. Attorney General 950 Pennsylvania Av N.W.
   (Respondent's name and complete mailing address) Washington D.C. 20503-001

3. If you are not confined in a prison, jail, or other correctional facility, explain how you are
   in custody:

   _____

4. If you are confined in a prison, jail, or other correctional facility but the named
   respondent is not the warden, superintendent, or jailer at the prison, jail, or correctional
   facility in which you are confined, explain how the respondent is your custodian:

   Attorney General has the ultimate decision in releasing, arresting, re-arrest, and produce any alien such as petitioner
   pertaining to Immigration matters. See Under custodians.

### B. NATURE OF THE CASE

(Rev. 9/02/04)

**BRIEFLY** state the background of your case.  If more space is needed to describe the nature of the case, use extra paper to complete this section.  The additional allegations regarding the nature of the case should be labeled "B. NATURE OF THE CASE."

The Petitioner in his Wirt of Habeas Corpus is Challenging his continued detention under 8 U.S.C.§ 1231 (c) Detention, Release, and Removal of Aliens Ordered Removed, The petitioner was ordered removed from the United States on September 18th 2012 and was rearrested on March 16th,2017.

ICE believes that they can secure a travel document (TD) and they have not been able to. The Government of Vietnam will not issue it due to the petitioner's lack of identity since he has been gone from Vietnam for over 21 years and has never applied for any type of documents. *See Nature of Case.*

## C. CLAIMS

State concisely every claim that you wish to assert in this action.  For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important.  You do not need to cite specific cases to support your claim(s).  If you need additional space to describe any claim or to assert additional claims, use extra paper to continue the claim or to assert the additional claims.  Identify clearly any additional pages that you attach to this form.

CAUTION:  In order to proceed in federal court, you ordinarily must exhaust administrative and/or state remedies for each claim that is asserted in this action.

1.  Have you exhausted administrative and/or state remedies for each claim asserted in this action?    ☒ Yes ___ No  (CHECK ONE)

2.  If you answered "No" to question 1., list the claims for which you have not exhausted administrative and/or state remedies and explain why:  _____

_____

_____

3.  Claim One:   STATUTORY VIOLATION

(Rev. 9/02/04)                          2

A.   Supporting facts:

Under 8 U.S.C. § 1231 (c) Detention, Release, and Removal of Aliens Ordered Removed. The law clearly states "Supervision of 90 day period "(if the Alien does not leave or is not removed within the removal period, The Alien, pending removal shall be subject to supervision under regulations prescribed by the Attorney General). Petitioner has been detained under a final order of deportation since 08/18/2012. ICE has denied releasing the Petitioner at his 90 days and has added another 90 days believing that they can secure a travel document knowing that it will not be issued. ICE is violating the petitioners 5th Amendment right by depriving him of his Freedom and Liberty. *See under Statuary Violation*.

B.   Explain the steps you have taken to exhaust administrative and/or state remedies for this claim (attach proof of exhaustion, if available):

4.   Claim Two:   PROCEDURAL DUE PROCESS VIOLATION

A.   Supporting Facts:

Procedural due process imposes constraints on Governmental decisions which deprive individuals of "liberty" or "property" interest within the meaning of the due process clause of the Fifth or Fourteen Amendment – Mathews v. Elridge. 424 U.S. 319 (1976), Courts employ the Elridge test when an alien's due process are at stake, See Florez- Chavez v. Ashcroft ,362 F3.d 1150,1160-61 (9th Cir. 2004)-*SEE ATTACHMENT UNDERR SECOND CLAIM FOR RELIEF.*

B.   Explain the steps you have taken to exhaust administrative and/or state remedies for this claim (attach proof of exhaustion, if available):

5.   Claim Three:   N/A

(Rev. 9/02/04)                    3

A.   Supporting facts:

B.   Explain the steps you have taken to exhaust administrative and/or state remedies
for this claim (attach proof of exhaustion, if available):

## D. PRIOR APPLICATIONS

1.   Have you filed any prior action in federal court in
which you raised or could have raised the claims
raised in this action?                              __ Yes __ No  (CHECK ONE)

2.   If you answered "Yes" to question 1., give the following information for each prior
federal court action challenging the execution of your sentence.

A.   Name and location of court:  _____

B.   Case number:  _____

C.   Type of proceeding:  _____

D.   List the claims raised:  _____

E.   Were the claims in this
     action actually asserted in
     the prior action?                    __ Yes __ No  (CHECK ONE)

F.   Were the claims in this
     action available to be
     asserted in the prior action?    __ Yes __ No  (CHECK ONE)

G.   Date and result (attach a
     copy of the decision if
     available):                    _____

## E. REQUEST FOR RELIEF

I request the following relief:

(A)-That this Court assumes jurisdiction over this matter.

(B)- To Grant petitioner a Wirt of Habeas Corpus and order that be released from detention under supervision of the Attorney General or a Field Officer, or anyone that this Honorable Court deems proper.

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the applicant in this action, that I have read this application, and that the information in this application is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on   _8-4-17_____
                   (Date)

                         _____
                         (Applicant's Original Signature)

(Rev. 9/02/04)                    5

### PARTIES/ AND CUSTODIAN.

The Attorney General has the power to produce, detain, or release such petitioner and is the ultimate decision make on the matters concerning INS and Petitioner's Removal. See 8 U.S.C § 1103 (a)(1), ("*The attorney General shall be charged with the administration and Enforcement of this chapter and all other laws relating to the Immigration and Naturalization of Aliens.")See also Henderson. 157 f.3d at 126 (The Attorney General has the power to produce the Petitioners, remains the ultimate decision maker as to matters concerning INS, and is commonly designated a Respondent in this cases, even when personal jurisdiction over the immediate custodian clearly lies).*

**8 U.S.C § 1231 (c) Detention, Release, and Removal of Aliens Ordered Removed.**

**(1)  Removal Period.**

**(A)  In General.**

Expect as otherwise provided in this section, when an alien is ordered removed, the <u>Attorney General shall remove the alien from the United States within a period of 90 days</u> (in this section referred to as the removal period).

**(B)  Beginning of Period.**

The Removal period begins on the latest of the Following:

(i)        The date the order of removal becomes administratively final.

(ii)       If the removal order is judicially reviewed and if the Court orders a stay of removal of the Alien, the date of the courts final order.

(iii)      If the Alien is detained or confined (expect under an immigration process), the date the alien is released from detention or confinement.

**(C)  Suspension of period.**

The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the aliens departure or conspires or acts to prevent the alien removal subject to an order of removal.

1

**{INA 241 (a)((2)}**

**(2) Detention.**

During the removal period, the Attorney General shall detain the Alien. Under no circumstance during the removal period shall the attorney General release an alien who has been found inadmissible under section 212(a)(2) or 212 (a)(3)(B) or deportable under section 237(a)(2) or 237(a)(4)(B)

**{INA 241 (a)((3)}**

**(3) Supervision after 90-Day period.**

If the Alien does not leave or is not removed within the removal period, the Alien, pending removal shall be subject to supervision under regulations prescribed by the Attorney General. The regulations shall include provisions requiring the Alien.

(A) To appear before an immigration officer periodically for identification;

(B) To Submit, if necessary, to a medical and psychiatric examination at expense of the United States Government ;

(C) To give information under oath about the Aliens nationality, circumstances, habits, associations, and activities, and other information the Attorney General considers appropriate; and

(D) To obey reasonable written restrictions on the Aliens conduct or activities that the Attorney General prescribes for the Alien.

It has been held that (1) The Attorney General was authorized to detain Aliens such as the applicant here, only for a period reasonably necessary to secure the Aliens removal, as (a) indefinite detention of such Aliens would raise serious concerns under the due process clause of the Constitution's Fifth Amendment, and (b) there was no clear indication of congressional intent to grant the Attorney General the power to hold an Alien ordered removed in confinement indefinitely;(2) Federal Habeas Corpus proceedings were available as a forum for the Aliens Federal statutory and constitutional challenges to the Aliens detentions;(3)in such a proceeding , a federal court did not have to accept the government's view about weather the implicit statutory limitation contained in 1231 (a)(6) was satisfied ;(4) in answering the question

2

whether such an alien's detention was, or was not, pursuant to statutory authority, a federal court ought (a) to ask whether the particular circumstances amounted to detention within, or beyond, a period reasonably necessary to secure removal, and (b) to measure reasonableness primarily in terms of the statute's purpose of assuring the alien's presence at the moment of removal; and (5) for the sake of uniform administration in federal courts, a presumptively reasonable period has well exceeded the "reasonable period"

The post-removal-period detention statue is one of related set statues and regulations that govern detention during and after removal proceedings. While removal proceedings are in progress, most aliens may be released on bond or paroled. 66 Stat. 204, as added and amended, 110 Stat. 3009-585, 8 U.S.C 1226 (a) (2), (c) (1994 ed., Supp. V.). After entry of a final removal order and during the 90-day removal period, however, aliens must be held in custody. 1231(a)(2). Subsequently, as the post-removal-period statue provides the Government <u>"may"</u> continue to detain an alien who still remains here or release that alien under supervision 1231(a)(6)

Related Immigration and Naturalization Service (INS) regulations add that the INS District Director will initially review the alien's record to decide whether further detention or release under supervision is warranted after the 90-day removal period expires.8 CFR 241.4(c)(1), (h)(k)(l)(i)(2001). If the decision is to detain then an INS panel will review the matter further, at the expiration of a 3 Month period or soon thereafter. 241.4(k)(2)(ii), And the panel will decide, on the basis of records and a possible personal interview, between still further detention or release under supervision. 241.4(i) in making this decision, the panel will consider, for example, the alien disciplinary record, criminal record, mental health reports, evidence of rehabilitation, and history of flight, prior immigration history, and favorable factors  such as family ties. 241.4(f). To authorize release, the panel must find that the alien is not likely to be violent, to pose a threat to the community, to flee if released, or to violate the conditions of release. 241.4(e).And the alien must demonstrate "to the satisfaction of the Attorney General" that he will pose no danger or risk of flight. 241.4(d)(1). If the panel decides against release, it must review the matter again within a year, and can review it earlier if conditions change.241.4 (k)(2)(iii). Applicant contends that he should have been granted release, because his particular situation merits so.

3

Jeff Sessions is the Attorney General of the United States of America He is responsible for Supervision, execution of law, hiring and training of all the Department of Homeland Security throughout the United States. Respondent is sued in his official capacity.

Jeh Johnson is the Director of the Department of Homeland Security and overseas branches under D.H.S. and ICE, appointing and hiring those who are named as Respondents. Respondent is sued under his official capacities.

Elaine Duke is the Acting Secretary of Immigration Customs Enforcement Agency for the United States of America; respondent is being sued under official capacity.

Robert Troyer is the Acting Attorney General, and represents the Attorney general of the United States of America in the State of Colorado.

Jeffery Lynch is the Acting Director for the Field Office for the State of Colorado and has legal  Custody of the Petitioner. Respondent is sued under his official capacity.

Johnny Choate is the Warden of the ICE Processing Center GEO Group Inc. Detention Center in Aurora, Colorado where Petitioner is currently detained. Therefore, Respondent has legal Custody of Petitioner, Respondent is sued in his official capacity.

Homero Mendoza the Acting Deputy Field office Director for the State of Colorado and has Legal Custody of the Petitioner, Respondent is sued under his offical capacity.

## "NATURE OF CASE".

The petitioner arrived from Vietnam in 1997 under Refugee status, the Petitioner was 6 years old when he arrived. The Petitioner has resided in the State of Colorado since his arrival. A few months after arrival the Petitioner was granted Lawful Permanent Resident status in the United States until he lost his status on September 18th, 2012 when the Immigration Judge ordered him removed to his native Country of Vietnam. The Petitioner lost his status due to Felony convection of a Controlled substance and the petitioner understands that he committed a crime, and he knows that he made a poor decision and is not proud of his action.

The Petitioner stayed in Detention for 90-days after he was ordered removed from the United States he was granted an ordered of Supervision under 8 U.S.C.1231 (c) which was granted in December of 2012.

Since his order the petitioner has only had a misstep and was charged in 2013 with a misdemeanor charge of Domestic Violence in Arapahoe County Colorado, the circumstances of

the incident the Petitioner was having an argument with his then Ex Girlfriend, and a neighbor called the Aurora Police Department and he was arrested. The Petitioner spent a night in the County jail and the next day he was released and was then taken over to the ICE Field Office down in Centennial Colorado where his ICE officer cleared him and sent him home.

The Petitioner was sentenced to 4 years of Intense supervised probation, which he completed he also took approximately  12 to 24 weeks of Domestic Violence classes and was also subject to random UA's. The petitioner completed his probation and discharged his sentence 6 months early; he complied with all court ordered supervision and never got into any trouble during his supervision with the State of Colorado.

The Petitioner as well complied with ICE Supervision until March 16th, 2017 *(See Highlighted Attachment A)* "Notice of Revocation". They stated that he failed to respond to his ICE Officer from his last reporting date of 10/05/2016, According to the ICE officer they mailed a letter to his residence and, this Court should note that in this Era of Electronic Technology people truly do not read paper mail, it's either Email, Text Message or a Phone Call, which his ICE officer had all means of contacting the Petitioner via any Electronic means since the petitioner ICE officer had his information.

The Petitioner was placed in Custody on March 16th, 2017 and has been at the GEO Facility since that day, on March 30th, 2017 the Petitioner was flown down to Miami Florida to Interview with representatives from the Vietnamese consulate these people flew in from Vietnam and they did not even speak English, also there is no one for the Petitioner to contact and to speak with concerning his status in Vietnam. The petitioner spoke with them and he was asked Questions about himself and about family members in Vietnam he stated that came at a very young age and does not recall any family there. They asked him about his arrival to the United States which he stated he came with his Mother and Father, they also asked about his personal life which he is married which she is a United States Citizen and also the Petitioner has a Son that is 9 years old and a Daughter that is 15 months old both Children are United States Citizens. After the Interview was done they stated to the Petitioner that they would do the best they could to identify his Vietnamese Citizenship.

Since the Petitioners Detention he has met the 90-day waiting period that was set by *Zadvydas v. Davis, 533 U.S. 678,688*(2001);., ICE chose to continue his Detention which was issued by Mr. Homero Mendoza the Acting Deputy Field office Director *(See Highlighted Attachment B)* per the letter its state's "***there is significant likelihood of removal in the reasonably foreseeable***

5

***future, therefore you will not be released pursuant to 8 CFR 241.1 (g)(4)",.*** After countless legal

research and information ***(See Highlighted Attachment C)*** per the Cornell Law School Legal

Information Institute 8 CFR  241.1 Final Order of Removal "an order of removal becomes final in

accordance with 8 CFR 1241.1", which under further review there is no statue with 241.1(g)(4)

in either laws.

The question is now is ICE using a law that does not exist, the Petitioner has even spoken with

his Legal Counsel and after there research they could not even find anything and when they

looked into it they where directed to reference 8 CFR 1241.1. Is ICE fraudulently issuing this Civil

Federal rule if so then it meets mandatory release due to false information provide by ICE

Officials.

The Petitioner feels that's ICE is Violating his Civil Rights by continuing his detention under a Law

that does not exist. The Petitioner seeks that this Court Grant immediate release from

Detention.


  *Zadvydas,533 U.S. at 699701(if removal is not reasonably foreseeable, the court should hold*

*continued detention as unreasonable and no longer authorized by statue. And if removal is*

*reasonably foreseeable, the habeas court could consider the risk of the aliens committing further*

*crimes as a factor potentially justifying confinement within that reasonable removal period). He*

*is now undergoing Constitutional violations for his continual detention, Zadvydas v. Davis, 533*

*U.S. 678,688(2001); see e.g., Sheqet v.Ashcroft, 2003U.S. Dist. LEXIS 7075(N.D.Ill. April 28,*

*2003)(applying Zadvydas, Habeas petition granted after ninety-day removal period ); see also De*

*La Teja v. United States, 321 F.3d 1357 (11th Cir. 2003)(Challenge to pre-removal-order detention*

*was moot when removal order became final; challenge to post-removal –order detention could*

*not be brought until removal period expired).A statue permitting indefinite detention of an alien*

*would raise a serious constitutional problem. The Fifth Amendments Due process Clause forbids*

*the Government to "deprive" any "person....of.....Liberty...... without due process of law".*

*Freedom from imprisonment—from government custody, detention, or any other forms of*

*physical restraint—lies at heart of the liberty that {150 L.Ed.2d 667} Clause protects. See Foucha*

*v. Louisiana,, 504 U.S. 71,80,118, L. Ed. 2d 437,112, S.Ct.1780(1992. And this court has said that*

*government detention violates that Clause unless the detention is ordered in a criminal*

*proceeding with adequate procedural protections; see United States v. Salerno, 481 U.S. 739,*

*746, 95 L.Ed. 2d 697,107, S.Ct 2095 (1987), or, in certain special and "narrow" non-punitive "circumstances", Foucha, supra, at 80, where a special justification, such as harm-threatening mental illness, outweighs the "individuals constitutionally protective interest in avoiding physical restraint". Kansas v. Hendricks, 521 U.S. 346,356,138 L. Ed. 2d 501,117 S. Ct. 2072(1997). The proceedings at issue here are civil, not criminal, and we assume that they are nonpunitive in purpose and effect. There is no sufficiently strong special justification in applicant's case for indefinite civil detention—at least as administered under this statue. The statue, says the Government, has two regulatory goals:"ensuring the appearance of aliens at future immigration proceedings" and "preventing danger to the community ".66 Stat. 204, as added and amended, 110 Stat. 3009-585,8 U.S.C 1226 (a)(2),(c)(1994).*

*But by definition the first justification—preventing flight—is weak or nonexistent where removal seems a remote possibility at best. As this court said in Jackson v. Indiana, 406 U.S. 715, 32 L. Ed. 2d 435, 92 S. Ct. 1845(1972) , where detention's goal is no longer practically attainable, detention no longer "bears a reasonable relation to the purpose for which the individual was committed". The second justification –protecting the community—does not necessarily diminish in force over time. Buts courts have upheld preventive detention based on dangerousness only when limited to especially dangerous individuals and subject to strong procedural protections. Compare Hendricks, supra, at 368 (upholding scheme that imposes detention upon "a small segment of particularly dangerous individuals" and provides "strict procedural safeguards") and Salerno, supra, at 747,750-752 (in upholding pretrial detention, stressing "stringent time limitations," the fact that dentition is reserved for the "most serious of crimes", the requirement of proof of dangerousness by clear and convincing evidence, and the presence of judicial safeguards), with Foucha, supra, at 81-83(Striking down insanity-related detention system that is potentially indefinite duration, we have also demanded that the dangerousness rationale be accompanied by some other special circumstance, such as mental illness, that helps to create the danger. See Hendricks, supra, at 358,368.*

*The civil confinement here at issue is not limited, but potentially permanent. Cf. Salerno, supra, at 747(noting that "maximum length of pretrial detention is limited" by "stringent" requirements); Carlson v. Landon, 342 U.S. 524,, 545-546,96 L. Ed. 547,72 S. Ct. 525(1952),(upholding temporary detention of alien during deportation proceeding while noting*

7

that "problem of...unusual delay" was {150 L. Ed. 2d 668} not present). The provision authorizing detention doe not apply narrowly to "a small segment of particularly dangerous individuals', Hendricks, supra, at 368, say suspected terrorists, but broadly to aliens ordered removed for many and various reasons, including tourist visa violation. See 8 U.S.C.1231 (a)(6)(1994 ed.,Supp.V) (referencing 1227(a)(1)(C);cf. Hendricks, 521 U.S. at 357-358(only individuals with "past sexually violent behavior and a present mental condition that creates likelihood of such conduct in the future " may be detained. And once the flight risk justification evaporates, the only special circumstance {533 U.S.692] present is the alien's removable status itself, which bears no relation to a detainees dangerousness. Cf. id. At 358; Foucha, supra, at 82.

Moreover, the sole procedural protections available to the alien are found In{121 S. Ct. 2500} administrative proceedings, where the alien bears the burden of proving he is not dangerous, without (in the Government's view)significant later judicial review. Compare 8 CFR 241.4(d)(1)(2001) (imposing burden or proving nondangerousness upon alien)with Foucha, supra, at 82 (striking down insanity-related detention for that very reason). This court has suggested, however, that the Constitution may well preclude granting "an administrative body to unreviewable authority to make determinations implicating fundamental rights." Superintendent, Mass. Correctional Institution at Walpole v. Hill, 472 U.S. 445,450,86 L. Ed. 2d 356, 105 S. Ct. 2768(1985)(O'CONNER,J); see also Crowell, 285 U.S. at 87 (Brandies, J., dissenting) ("Under certain circumstances, the constitutional requirement of due process is a requirement of judicial process"). The constitution demands greater procedural protection even for property. See South Carolina v. Regan, 465 U.S. 367, 393,79 L. Ed. 2d 372,104 S. Ct. 1107 (1984)(O'CONNER, J., concurring in judgment): Philips v. Commissioner, 283 U.S. 589, 595-597, 75 L. Ed. 1289, 51 S. Ct. 608(1931) (Brandeis, J.). The serious constitutional problem arising out of statue that, in these circumstances, permits as indefinite, perhaps permanent, deprivation of human liberty without and such protection is obvious.

Petitioner is detained at the GEO/ICE processing Center in Aurora, Colorado. ICE has contracted with the Facility to house detainees such as Petitioner. Petitioner is under the control of the Respondents and their agents.

8

Petitioner contends that he is not subject to the mandatory detention provisions under 8 USCS 1231 (a)(6), where the United States Attorney General is authorized to further detain an alien, who has been found to be unlawfully present in the United States, beyond a 90-day statutory removal period during which the Government ordinarily secures an aliens removal. And he asserts that his detention without a consideration to be released under supervision violates due process right under the Fifth Amendment of the Constitution of the United States, and also raises constitutional concerns because the Petitioner has been under there custody since June 29th 2017. <u>Zadvydas v. Davis,533 U.S. 678,688(2001).</u> His crime does not fall under 8 U.S.C. §1231(a)(2) *Detention- During the removal period the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible under section 212(a)(2) or 212 (a)(3)(B) or deportable under section 237(a)(2) or 237(a)(4)(B).* Therefore he should have been considered to be released under parole or supervision.

Petitioner contends that he is not subject to the mandatory detention provisions of 8 U.S.C. § 1231 (c), and he asserts that his detention without an individualized bond hearing violates due process rights under the Fifth Amendment of the Constitution of the United States.

### FIRST CLAIM FOR RELIEF.
### STATUTORY VIOLATION.

8   U.S.C § 1231 (c) Detention, Release, and Removal of Aliens Ordered Removed.

(1) **Removal Period.**

(A) **In General.**

Expect as otherwise provided in this section, when an alien is ordered removed, the <u>Attorney General shall remove the alien from the United States within a period of 90 days</u> (in this section referred to as the removal period).

(B) **Beginning of Period.**

The Removal period begins on the latest of the Following:

(i)   The date the order of removal becomes administratively final.

(ii)     If the removal order is judicially reviewed and if the Court orders a stay of removal of the Alien, the date of the courts final order.

(iii)    If the Alien is detained or confined (expect under an immigration process), the date the alien is released from detention or confinement.

Applicant has been detained under a final order of deportation since 2/20/2014 and since then he has not been able to be deported due to the lack of travel documents. *Shefget v. Ashcroft, 2003 U.S. Dist. LEXIS 7075* (N.D. Ill. April 28, 2003) (applying *Zadvydas*, habeas petition granted after ninety- day- removal period); *see also De La Teja v. United States*, 321 F.3d 1357 (11 Cir. 2003)( challenge to pre-removal-order detention was moot when removal order became final; challenge to post-removal-order detention could not be brought until removal period expired).

**(C) Suspension of period.**

The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the aliens departure or conspires or acts to prevent the alien removal subject to an order of removal.

Applicant has several meetings with his consulate and has not been able to obtain his travel documentation. He has complied with everything required of him.


**{INA 241 (a)((2)}**

**(2) Detention.**

During the removal period, the Attorney General shall detail the Alien. Under no circumstance during the removal period shall the attorney General release an alien who has been found inadmissible under section 212(a)(2) or 212 (a)(3)(B) or deportable under section 237(a)(2) or 237(a)(4)(B)


**{INA 241 (a)((3)}**


**(3) Supervision after 90-Day period.**

If the Alien does not leave or is not removed within the removal period, the Alien, pending removal shall be subject to supervision under regulations prescribed by the Attorney General. The regulations shall include provisions requiring the Alien.

(A) To appear before an immigration officer periodically for identification;

(B) To Submit, if necessary, to a medical and psychiatric examination at expense of the United States Government ;

(C) To give information under oath about the Aliens nationality, circumstances, habits, associations, and activities, and other information the Attorney General considers appropriate; and

(D) To obey reasonable written restrictions on the Aliens conduct or activities that the Attorney General prescribes for the Alien.

**Mr. Cam Sem** contends that his detention is violating his constitutional rights, because (A) he is being deprived of his liberty for an excessive amount of time without consideration, (B) His health and physical shape is deteriorating because of the resources that are here are not suitable.

This being the reason why applicant moves this Honorable Court so that you may put an end to his detention, which is now 5 months. 28 U.S.C. 2241(c)(1),(3).

Applicant as well adds that even though his detention is mandatory, his constitutional rights are still being violated. *Demore v. Kim* 538 U.S. 510(2003), Parra v. Perryman, 172 F.3d at 954,957 (7th Cir. 1999)(the district court had jurisdictions under 28 U.S.C. 2241 to consider challenge to INA 236(c) itself).

*Demore, 538 U.S. at 516; see also* Welch v. Ashcroft, 293 F.3d 213,227(4th Cir. 2002)(habeas jurisdiction recognized; a bail hearing is not necessarily required, but was appropriate in the specific case of the petitioner); *Forbes v. Perryman,*244 F. Supp. 2d 947,949(N.D. Ill. 2003)(habeas jurisdiction recognized; the lack of an individualized bail hearing is unconstitutional in the case of detainees with good-faith claims that they will ultimately be permitted to remain in the country)(collecting cases). Constitutional challenges to mandatory detention, specifically the lack of an individualized bail hearing. *Parra v. Perryman 525 U.S. 471 (1999)*; Supra 104.04.[2][e][ii]. Even before the Supreme Court decided *AADC,* the Fifth Circuit had held allegations of mistreatment while one is in detention bear no more than a remote relationship to the Attorney Generals decision to execute a removal order, and thus are not barred by INA 242(g).*Humphries v. Various*

11

*Federal U.S. INS Employees,* 164 F.3d 936,944(5th Cir. 1999); *See also Martinez v. Greene,* 28 F. Supp 2d 1275,1278,79(D.Colo.1998)(pre-AADC; following a substantial majority of courts considering habeas corpus claim in the non detention context to conclude that federal courts retain jurisdiction under 2241 and the Suspension clause despite *INA 242(g)*

## SECOND CLAIM FOR RELIEF.

## PROCEDURAL DUE PROCESS VIOLATION.

The Eldridge test considers three factor ;(1) the affected private interest, (2) the risk of erroneous deprivation of that interest, and (3) Government's interest.

Petitioners private interest affected by Respondents actions is profound-his physical liberty. The risk of erroneous deprivation of Petitioner's liberty is high, because he is neither a flight risk nor a danger. For these reason, the immigration Judge would likely release Petitioner on Bond. *See Matter of Patel,* 15 I. & N. Dec.666,666 (BIA 1976)("An Alien generally is and should not be detained or required to post bond expect on a finding that he us a threat to the national Security, or that he is a poor bail risk"). Therefore, the government's interest in his continued detention is minimal.

As the *Eldridge* test demonstrates, the deprivation of Petitioner's liberty interest for outweighs the government's interest in his continued detention during removal proceedings, particularly when the additional safeguard of a bond hearing would provide adequate protection against unjust incarceration.

The Government has the right for mandatory detention prior to final order of removal pursuant the IIRIRA, not withstanding the same IIRIRA provides that the Attorney General shall mandatorily detain all aliens that are inadmissible or deportable, except in very limited circumstances.

Respondent also incorporates that while the State provides for mandatory detention for non citizen with criminal offenses, Federal Circuit Courts are increasingly finding that detention without an individualized determination of suitability for release violates due process of law, The Ninth and Tenth circuits have held that mandatory detention under *I.N.A. §236 (2), 8 U.S.C. § 1226 (c),* is unconstitutional, although the Ninth circuit court limited it's holding to L.P.R's *(see Kim v. Ziglar, 276 F.3d 523 (9th Cir.2001) cert granted, 122 S. Ct. 2696, 153, L Ed. 2d 833 (June 28,2002); Patel v.*

*Zemski,* 275 F.3d 299 (3rd Cir. 2001); *Hoang v. Comfort,* 281 F.3d 693 (10th Cir. March 5th ,2002. In *these* jurisdictions, it is therefore possible to request and obtain a bond from the immigration Judge for aggravated felons and those convicted of deportable crimes. Other jurisdictions should follow suit.

A construction that raises a serious constitutional concern should be avoided. (*See, e.g. Crowell v. Benson,* 285 U.S. 22,62(1932) and also in the memorandum from the Attorney General dated February 20th, 2003.

For the forgoing reasons, Petitioner's continued detention without an individualized bond hearing is not authorized under *§1226 (c)* and is in violation of his procedural due process right.

### REQUEST FOR RELIEF.

To hold the Attorney General as proper custodian of habeas petitioner detained in an immigration facility or its contractors 28 U.S.C.A.; Immigration and Nationality Act § 232 (a), 8 U.S.C § 1222(a). §1226 (c)(i). The Attorney General shall take into custody alien who is deportable or inadmissible for having committed a crime, additionally "There is compelling practical concern that the Government can" "Seriously undermine the remedy of habeas corpus" by detaining so large number of alien in one facility that the local District Courts is overwhelmed by a flood of Habeas Corpus. *See Alcaide-Zelaya, 2000 WL 16146981, at \*4.* The Question of weather the Attorney General is proper Custodian of an alien detained in an INS facility has divided the Courts, however mostly all the District Courts had agreed that Attorney General is proper custodian. *See Alcaide-Zelaya v. McElroy, nos. 99 Civ. 9999,2000 WL 16146981. At \*4-\*5(S.D.N.Y. October, 27,2000)(citing and comparing cases, including Arias-Argramonte v. Commissioner of INS, No. 00 Civ.2412,2000 WL 1059678, at \*7-\*9(S.D.N.Y. Aug. 1,2000)(discussing split in authority and citing cases); compare Arias-Argramonte v. Commissioner of INS No. 00 Civ.2412,2000 WL 1617999,at \*5-\*9 (S.D.N.Y. Oct. 30,2000)(Attorney General is proper Respondent and District Court has personal jurisdiction over Attorney General); Pena-Rosario v. Reno,, 83 F. Supp. 2d 349.362 (E.D.N.Y.2000) (Attorney General is proper Respondent ); Mojica v. Reno,970,970 F. Supp at 166. (Same); Nwankwo v. Reno. 828 F. Supp. 171, 173-176 (E.D.N.Y. 19990 (Same); Carvajales-Cepeda v. Meissner, 966 F. Supp. 207,209(S.D.N.Y 1997)(Same); Wang v. Reno,862 F. Supp. 801,812-813 (E.D.N.Y 1999)(Same).* The Second Circuit while specifically declining to resolve this "Difficult Question", has also conducted a thorough analysis of the issue*, See Henderson v. INS, 157 F.3d 106,122-28(2d Circ.1998).*In Such cases the

Court should see that the location of custody, and the identity of the day to day custodian, frequently change when detainees are transferred among INS facilities, all of which are under control of the Attorney General. *See Arias- Agramonte, 2000 WL 1617999, at\*9.* This potential problem is made manifestly clear by circumstances of the instant case, have yet the Attorney General continues to maintain "custody" over Petitioner so long as the Removal proceedings remain pending. 8 U.S.C. §1126 (B). (The Attorney General at any time may revoke a bond or parole...., re-arrest the alien...and detain the alien"), therefore petitioner prays that the Attorney General should be named as proper respondent.

Since the IIRIRA §306(a) (codified at 8 U.S.C §1252(g)) as amended, does not mention habeas relief for constitutional violation, many courts have addressed the question whether Federal District Courts retain statutory jurisdiction under Suspension Clause, to review alleged constitutional violations, See *U.S. CONST. art I, §,cl.*('the privileges of the Wirt of Habeas Corpus shall not be suspended, unless when is Cases of Rebellion or Invasion the public safety may require it'). A substantial majority of courts conclude that federal district courts retains jurisdiction under §2241 and the Suspension Clause, despite the expansive language of 9 U.S.C. §1252(g), when the habeas petitioner alleges substantial violations. *Macias v. INS, Civil Action No. 98-b-17.6, November 27, 1998 and Martines v. Greene,28 F Supp. 2d 1275(D.Colo.1998).*

The use of the Wirt of Habeas Corpus to challenge detention by ICE is not foreclosed by REAL ID Act of 2005, Pub. L. 109-13, 119 Stat. 231(May 11, 2005); Title I, Section 106 (c), amending INA§ 242(a)(2)(A),(B),(C) and § 242(g), only deprives the district court of habeas jurisdiction to review orders of removal, not challenges to detention. *Hernandez v. Gonzalez,* 424 F. 3d 42,42(1st Cir. 2005)(proper venue for Habeas petition remains in the District Court); *accord INS v. St. Cyr,* 533 U.S. 289, 364-65 (2001)("The writ of Habeas Corpus has been available to review the legality of executive detention").

Order respondents to refrain from transferring the Petitioner out of jurisdiction of this Court during the pendency of this proceeding and while Petitioner remains in Respondent's custody; Venue is proper in this District pursuant to 28 U.S.C §1391 (e), because Petitioner is in custody of ICE in Aurora, Colorado, the Removal proceedings are not conducted by an Immigration Judge.

Based on the Forgoing, Applicant believes he deserves that his case be reviewed and a granting of the Habeas Corpus Petition be strongly considered. Grant any other further relief that this

Honorable Court deems just and appropriate for applicant.

### Certificate of Services.

I, Mr. Dau Cam Sen ,Swear and hereby declare under penalty of perjury on or about this 4th day of August , I have mailed the exact same copies of this Habeas Corpus package under § 2241 Using the United States Postal Services to the Following Respondents or its Attorneys:

I declare, under penalty of perjury, that the foregoing is true and correct.

X _____

Dau Cam Sen.

A-074-511-150

3130 N. Oakland Street.

Aurora Colorado, 80010

Mr. Jeff Sessions.
U. S. Attorney General.
950 Pennsylvania Avenue NW.
Washington, DC.20528.

Mr. Johnny Choates.
Warden for GEO CDF.
3130 N. Oakland Street.
Aurora Colorado.

Mr. Jeffery Lynch.
Acting Field Director for Colorado.
12445 E. Caley Ave.
Centennial Colorado, 80111.

Mr. Homero Mendoza.
Acting Deputy Field Office Director.
12445 E. Caley Ave.
Centennial Colorado,80111.

Mr. Jeh Johnson.
Director of Dept Homeland Security.
500 12th Street.
Washington, DC.20528.

Mr. Elaine Duke.
Acting Secretary of ICE.
500 12th Street.
Washington, DC. 20528.

Robert Troyer.
Acting U.S. Attorney for Colorado.
1225 17th Street.
Denver Colorado, 80202.

# ATTACHMENT. (A).

*O... e of Enforcement and Removal Operations*

**U.S. Department of Homeland Security**
Field Office Address
City, State, Zip Code



**U.S. Immigration
and Customs
Enforcement**

SEN, Dau Cam                                                        A074 511 150
C/O GEO/ICE
3130 N. Oakland St.
Aurora, CO  80010

## Notice of Revocation of Release

This letter is to inform you that your case has been reviewed and it has been determined that you
will be kept in the custody of U.S. Immigration and Customs Enforcement (ICE) at this time.
This decision has been made based on a review of your file and/or your personal interview on
account of changed circumstances in your case.  ICE has determined that there is a significant
likelihood of removal in the reasonably foreseeable future in your case.

**The Denver Field Office was directed by ICE HQ Removal Management Division to
remand you to ICE custody to facilitate an interview with Consular Officers from the
Republic of Vietnam. You were also found to be non-compliant with conditions of release,
to wit: you failed to respond to attempts to contact you by your supervising ICE Officer
since your last report date on 10/05/2016.**

Based on the above, and pursuant to 8 CFR 241.13, you are to remain in ICE custody at this
time.  You will promptly be afforded an informal interview at which you will be given an
opportunity to respond to the reasons for the revocation. If you are not released after the informal
interview, you will receive notification of a new review, which will occur within approximately
three months of the date of this notice.

You are advised that you must demonstrate that you are making reasonable efforts to comply
with the order of removal and that you are cooperating with ICE's efforts to remove you by
taking whatever actions ICE requests to affect your removal. You are also advised that any
willful failure or refusal on your part to make timely application in good faith for travel or other
documents necessary for your departure, or any conspiracy or actions to prevent your removal or
obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC
Section 1253(a).

Jeffrey Lynch                    *for EST (a)5000*        3/16/17
Acting Field Office Director                                 Date

# ATTACHMENT. (B).



Enforcement and Removal Operations
U.S. Department of Homeland Security
12445 E. Caley Ave.
Centennial, CO 80111

**U.S. Immigration
and Customs
Enforcement**

Mr. Dau Cam Sen                                              A074 511 150
C/O GEO/CDF
3130 N. Oakland St.                                          
Aurora, CO 80010

### Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE's reviewing officials.

There is a significant likelihood of removal in the reasonably foreseeable future, therefore you will not be released pursuant to 8 CFR 241.1(g)(4).

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

If you have not been released or removed from the United States by September 12, 2017, jurisdiction of the custody decision in your case will be transferred to the Headquarters Removal and International Operations Unit (HQ RIOU), Potomac Center North, 500 12th Street SW, Washington, DC 20536. HQ RIOU will make a final determination regarding your custody.

_____                          6/5/17
Homero Mendoza, Acting Deputy Field Office Director        _____
                                                           Date

# ATTACHMENT. (C).

Cornell Law School

# Legal Information Institute [LII]
OPEN ACCESS TO LAW SINCE 1992

CFR › Title 8 › Chapter I › Subchapter B › Part 241 › Subpart A › Section 241.1

## 8 CFR 241.1 - Final order of removal.

### § 241.1 Final order of removal.

An order of removal becomes final in accordance with 8 CFR 1241.1.

[ 70 FR 673, Jan. 5, 2005]

About LII

Contact us

Advertise here

Help

Terms of use

Privacy

[LII]

Cornell Law School

# Legal Information Institute [LII]
OPEN ACCESS TO LAW SINCE 1992

CFR › Title 8 › Chapter V › Subchapter B › Part 1241 › Subpart A › Section 1241.1

## 8 CFR 1241.1 - Final order of removal.

**§ 1241.1 Final order of removal.**

An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final:

(a) Upon dismissal of an appeal by the Board of Immigration Appeals;

(b) Upon waiver of appeal by the respondent;

(c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time;

(d) If certified to the Board or Attorney General, upon the date of the subsequent decision ordering removal;

(e) If an immigration judge orders an alien removed in the alien's absence, immediately upon entry of such order; or

(f) If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a required voluntary departure bond within 5 business days. If the respondent has filed a timely appeal with the Board, the order shall become final upon an order of removal by the Board or the Attorney General, or upon overstay of the voluntary departure period granted or reinstated by the Board or the Attorney General.

[ 62 FR 10378, Mar. 6, 1997, as amended at 73 FR 76938, Dec. 18, 2008]

About LII

Contact us

Advertise here

Help

Terms of use

Privacy

[LII]